UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PROCEEDS IN THE AMOUNT OF $231,452.37 ) | |
| FROM THE SALE OF THE REAL PROPERTY ) | |
| LOCATED AT 1764 WEST ELMSCOURT LANE,) | |
| CRETE, ILLINOIS, ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT FOR FORFEITURE

The UNITED STATES OF AMERICA, by GARY S. SHAPIRO, Acting United States Attorney for the Northern District of Illinois, for its verified complaint against the above-named defendant property, alleges in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure as follows:

1. This complaint has been verified by the attached affidavit of Special Agent Alan Doescher of the United States Drug Enforcement Administration ("DEA"), which is fully incorporated herein.

### Jurisdiction and Venue

2. This is an *in rem* forfeiture action brought pursuant to Title 21, United States Code, Section 881(a)(6) for the forfeiture of proceeds in the amount of $231,452.37 from the sale of the real property located at 1764 West Elmscourt Lane, Crete, Illinois, as funds which are traceable to the proceeds from the sale of a controlled substance, in violation of 21 U.S.C. § 801, *et seq*.

3.       This court has *in rem* jurisdiction over the defendant property pursuant to Title 28, United States Code, Section 1355(b)(1)(A), as certain of the acts giving rise to this forfeiture action occurred within the Northern District of Illinois.

4.       Venue is proper pursuant to 28 U.S.C. § 1395(b) in as much as the defendant property is located and will remain within this jurisdiction during the pendency of these proceedings.

**Statute Authority**

5.       This forfeiture action *in rem* is brought pursuant to Title 21, United States Code, Section 881(a)(6).

**Specific Allegations**

6.       As set forth in detail below, there is probable cause to believe that the real property located at 1764 West Elmscourt Lane, Crete, Illinois ("Elmscourt property"), was property traceable to the proceeds from the sale of a controlled substance, and therefore was subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.       During the course of a multi-agency federal investigation, initiated in approximately 2004, law enforcement agents established probable cause to believe that Gerald Walters ("Walters") had amassed a substantial amount of wealth from the proceeds of illegal narcotics trafficking. Specifically, it was determined that Walters had a significant unexplained wealth and had provided false information about the source and amount of income on various documents.

8.       In or about 2001, according to information obtained through interviews conducted by federal law enforcement officers, Walters had located a multiple-acre site in Crete, Illinois, on which to construct a single family residence. According to documents obtained by law enforcement, Walters paid approximately $789,997 between 2001 and 2004 towards the construction of the

Elmscourt property, approximately $296,870 of which was paid in the form of cash and approximately $416,818 of which was paid by check. Additionally, Walters had extensive landscaping completed at the Elmscourt property, and had a large pole barn erected on the property.

9. A Warranty Deed to the Elsmcourt property in the name of Gerald Walters was dated June 30, 2006, and recorded in the Will County Office of Recorder on July 18, 2006.

10. According to documents reviewed pertaining to Walters' income between 2000 and 2006, his personal and business income was substantially less than the amount paid by him as detailed in paragraph 8 above.

11. On April 7, 2011, an indictment was returned in the United States District Court in the Northern District of Illinois in the case *U.S. v. Gerald Walters*, 11 CR 275, charging Gerald Walters with knowingly and intentionally distributing a controlled substance, namely, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).

12. On December 14, 2011, Walters entered into a stipulated agreement with the government regarding the sale of the Elmscourt property. In the stipulated agreement, Walters agreed that the proceeds from the sale, after payment of certain costs, would be maintained in an escrow account.

13. On December 21, 2011, a closing on the sale of the Elmscourt property was held. Pursuant to the terms of the stipulated agreement, the net proceeds from the sale in the amount of $231,452.37 were placed in an escrow account.

14. On September 11, 2012, Walters entered a guilty plea to Count One of the indictment in case number 11 CR 275, charging him with a violation of 21 U.S.C. § 841(a)(1). Pursuant to the

plea agreement, Walters agreed to relinquish all right, title, and interest he may have in the proceeds from the sale of the Elmscourt property and further agreed to the entry of a judgment against the proceeds. See Exhibit 1, plea agreement executed June 28, 2012.

15. For reasons stated herein and in the attached affidavit, there is probable cause to believe that the defendant funds in the amount of $231,452.37 are subject to forfeiture and condemnation to the United States as a substitute *res* for the Elmscourt property pursuant to 21 U.S.C. § 881(a)(6), as funds which are traceable to the proceeds from the sale of a controlled substance.

WHEREFORE, the United States of America requests:

A. That the defendant property be proceeded against for forfeiture and condemnation and that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; and

B. That the court adjudge and decree that the defendant property be forfeited to the United States and that it be disposed of according to law.

C. That this matter be resolved in a trial by Jury.

                            Respectfully submitted,

                            GARY S. SHAPIRO
                            Acting United States Attorney

By: /s/Daniel E. May
     DANIEL E. MAY
     Assistant United States Attorney
     219 South Dearborn, Room 500
     Chicago, Illinois 60604
     (312) 353-5300

State of Illinois )
                       ) SS
County of Cook )

## AFFIDAVIT

I, Alan Doescher, having first been duly sworn, upon oath, deposes and states as follows:

1. I am currently a Special Agent with the United States Drug Enforcement Administration ("DEA"). I have been employed as a DEA Special Agent for approximately 25 years. My primary duty is to investigate criminal violations of the federal controlled substance laws, including, but not limited to, Title 21, United States Code, Sections 841 and 846 and money laundering investigations under Title 18, United States Code, Sections 1956 and 1957.

2. I have read the complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief based upon my own personal knowledge as well as information I have received from other agents, persons and documents, and it does not include each and every fact known to me concerning this investigation.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 13th of September, 2012, in Chicago, Illinois.

_____
ALAN DOESCHER, Special Agent
United States Drug Enforcement Administration